COPY

LAW OFFICES OF GREGORY A. YATES, P.C.
Gregory A. Yates, Esq. (SBN 63259)
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944
FAX. (818) 905-7038

Attorney for Plaintiff,
PARRISH BATCHAN

FILED 2009 JUN 11 PM 12:46 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RGK

| | |
|---|---|
| PARRISH BATCHAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES,<br>COUNTY OF LOS ANGELES<br>SHERIFF'S DEPARTMENT,<br>SHERIFF LEROY BACA, CITY OF<br>VERNON, CITY OF VERNON<br>POLICE DEPARTMENT, CHIEF<br>STEVE TOWLES, AND DOES 1<br>THROUGH 10, inclusive,<br><br>                    Defendants. | Case No. **CV09-4152(JWJx)**<br><br>COMPLAINT FOR DAMAGES:<br><br>1.  VIOLATION/DEPRIVATION<br>    OF CIVIL RIGHTS UNDER<br>    COLOR OF LAW [42 U.S.C.<br>    §1983, et. Seq.] |

COMES NOW Plaintiff, PARRISH BATCHAN, and for causes of action against Defendants, and each of them, complains and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction in this Honorable Court arises pursuant to Federal Statute, under 28 U.S.C. §§1331, 1343, and 1367. Jurisdiction is further established in this Honorable Court under 42 U.S.C. §1983.

2.     Venue is proper in District Court, pursuant to 28 U.S.C. §1391, as the underlying acts, omissions, events, injuries and related facts and circumstances upon

1   which the present action are based, occurred in the City of Ventura, State of
2   California, within the boundaries of the Central District of this Honorable Court.

3                          **GENERAL ALLEGATIONS**

4        3.    Plaintiff is the father of Parrish Madison Batchan (**hereinafter:**
5   **"Parish"**), who is gravely disabled as a result of Defendants' conduct alleged herein.

6        4.    At all times mentioned herein Defendants CITY OF VERNON
7   (**hereinafter: "CITY"**), CITY OF VERNON POLICE DEPARTMENT
8   (**HEREINAFTER: "VPD"**), COUNTY OF LOS ANGELES (**hereinafter:**
9   **"COUNTY"**), COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
10   (**hereinafter: "LASD"**) and DOES 1 through 2, were public entities, duly organized
11   and existing under and by virtue of the laws of the State of California.

12        5.    At all times relevant herein Defendants CHIEF STEVE TOWLES
13   (**hereinafter: "CHIEF TOWLES"**), Sheriff LEROY BACA (**hereinafter:**
14   **"SHERIFF BACA"**) and DOES 3 through 4 were residents of  the State of
15   California and were chief's, sheriffs, sergeants, officers, sheriff deputies, supervisors,
16   policymakers, and/or employees, agents, servants and/or representatives of
17   Defendants CITY, VPD, COUNTY and/or LASD. Defendants CHIEF TOWLES and
18   LEROY BACA were at all relevant times the Chief of police of the VPD and Sheriff
19   of LASD, respectively, and had supervisory authority and control over VPD officers
20   and LASD sheriff deputies, respectively.  CHIEF TOWLES and SHERIFF BACA,
21   are sued in their individual as well as official capacities.

22        6.    At all times relevant herein, DOE Defendants 1 through 10 were acting
23   under color of law, to wit, under the color of the statutes, ordinances, regulations,
24   policies, customs, practices and usages of Defendants CITY, VPD, COUNTY and
25   LASD, and the State of California.  Said Defendants were acting within the course
26   and scope of their employment with Defendants CITY, VPD, COUNTY  and/or
27   LASD, and the wrongful acts hereinafter described flow from the very exercise of
28

1  their authority.   Each Defendant was also acting as an employee, agent and
2  representative of each and every other Defendant herein, and in doing the acts herein
3  alleged were acting with the permission, consent, ratification and authority of their
4  co-defendants.

5      7.    Plaintiff is ignorant of the true names and capacities of Defendants sued
6  herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by
7  such fictitious names. Plaintiff is informed and believes and thereupon alleges, that
8  each of the fictitiously named Defendants is legally responsible, intentionally,
9  negligently, or in some other actionable manner, for the events and happenings
10  hereinafter referred to, and thereby legally caused the injuries, damages, and
11  violations and/or and deprivation of rights hereinafter alleged. Each DOE defendant
12  is sued in his individual as well as official capacity. Plaintiff will seek leave of Court
13  to amend this Complaint and state the true names and/or capacities of said fictitiously
14  named Defendants when the same have been ascertained.

15                          **FACTUAL ALLEGATION**

16      8.    On or about December 29, 2008, Plaintiff's son, Parrish, was walking on
17  Downey Rd., in the City of Vernon, California, acting in a peculiar manner, which
18  clearly indicated he was suffering from emotional, mental and/pr psychological
19  disability.

20      9.    At said time and place, several police officers and sheriff deputies,
21  DOES 5 through 10, all employee, agents and servants of CITY, VPD, COUNTY and
22  LASD, acting within the course and scope of said employment, agency and/or service
23  and under color of authority, for no reason whatsoever, and for no lawful justification,
24  tasered the unarmed Parrish several times.

25      10.   At no time was Parish a threat to himself, the officers, deputies, and/or
26  others, and the use of force against him was unreasonable, unnecessary, excessive,
27  malicious, and/or for the purpose of inflicting pain on him.
28  ///

- 3 -

11.    The conduct of Defendants DOES 5 through 10 described herein above was done within the course and scope of their employment, agency and/or service with Defendants CITY, VPD, COUNTY and LASD, and each of them, and under color of their authority, and Defendants CITY, VPD, COUNTY and LASD, and each of them, are, therefore, vicariously liable for same under Government Code §§815.2, 815.3 and 820.

12.    As a direct result of the wrongful conduct described herein, Parish was severely and permanently hurt and injured in his health, strength and activity, sustaining, among other injuries, a heart attack, and he is currently in a coma and in a vegetative state.  Plaintiff is informed and believes, and thereupon alleges, that Parrish died as a result of the excessive force, and was resuscitated.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) -
## AGAINST ALL DEFENDANTS
## (DEFENDANTS CHIEF TOWLES, SHERIFF BACA AND DOES 3
## THROUGH 10 ARE SUED IN THEIR INDIVIDUAL CAPACITIES)

13.    Plaintiff hereby realleges and incorporates each and every allegation set forth in Paragraphs 1 through 12 herein.

14.    The use of force described herein above was unconstitutional, without cause or justification, excessive and illegal, and in violation of Parrish's constitutional rights to be free from excessive, unreasonable and unjustified force against his person and in deliberate indifference to his constitutional rights, as well as to Plaintiff's constitutional rights described herein below.

15.    Plaintiff further alleges that Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES, in his individual capacity, and SHERIFF BACA, in his individual capacity, and DOES 3 and 4, in their individual capacities, and each of them, acting with deliberate indifference to the rights and liberties of the public in general and to the rights of Parish and Plaintiff in particular, knowingly maintained, enforced, and

- 4 -

1    applied a policy and practice of:

2         a.     Employing and retaining police officers and sheriff deputies who said

3    Defendants at all times material herein knew, or reasonably should have known, had

4    dangerous propensities for abusing and/or neglecting their authority and committing

5    acts of excessive force;

6         b.     Inadequately supervising, training, controlling, assigning and

7    disciplining police officers and sheriff deputies who said Defendants knew, or in the

8    exercise of reasonable care should have known, had the afore-described propensities

9    and character traits;

10        c.     Maintaining grossly inadequate procedures for reporting, supervising,

11   investigating, reviewing, disciplining and controlling the conduct of police officers

12   and sheriff deputies, particularly with respect to illegal acts and acts of excessive

13   force;

14        d.     Fostering and encouraging a policy, pattern and practice of violence

15   through their official positions, which proximately result in acts of the excessive

16   force;

17        16.    Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES and

18   SHERIFF BACA, and DOES 3 and 4, and each of them, and knew and/or should

19   have reasonably known that Defendants DOES 5 through 10 had a propensity to

20   violate the civil rights of persons, including but not limited to, excessive,

21   unreasonable and/or unjustified use of force, yet failed to adequately train, retrain,

22   monitor, supervise and discipline said defendants.

23        17.    Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES and

24   SHERIFF BACA, and DOES 3 and 4, and each of them, as a matter of policy, custom

25   and practice, have, with deliberate indifference, failed to adequately discipline, train

26   and/or otherwise direct officers, deputies and/or employees or agents concerning the

27   rights of citizens and suspects and permissible and/or excessive uses of force, thereby

28   causing DOES 5 through 10 to engage in the unlawful conduct described above.

- 5 -

18.   Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES and SHERIFF BACA, and DOES 3 and 4, and each of them, have, as a matter of policy, custom and/or practice, with deliberate indifference, failed to properly sanction or discipline officers and sheriffs deputies, and/or employees or agents, including Defendants DOES 5 through 10, for violations of the constitutional rights of citizens and suspects, and have tolerated, ratified, permitted and condoned systematic misuse of force, excessive force, thereby causing them to engage in said unlawful conduct.

19.   Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES and SHERIFF BACA, and DOES 3 and 4, and each of them, as a matter of policy, custom and/or practice, have, with deliberate indifference, failed to properly sanction or discipline officers, deputies, and/or employees or agents, including DOES 5 through 10, and were aware of and subsequently concealed and/or failed to disclose and/or discover violations of the constitutional rights of citizens and suspects by other officers, deputies, and/or employees or agents, thereby causing and encouraging them to engage in unlawful conduct.

20.   Defendants CITY, VPD, COUNTY, LASD, CHIEF TOWLES and SHERIFF BACA, and DOES 3 and 4, and each of them, had knowledge that some or all of the wrongs described in detail above were about to be committed, had the power to prevent or aid in the prevention of commission of said wrongful acts and by reasonable diligence could have prevented the aforementioned wrongs conspired to be done, but neglected and or refused to prevent, or aid in the prevention of commission of said wrongs conspired to be done.

21.   As a direct and proximate result of Defendants' actions, Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated, including the loss of Plaintiff's relationship with his beloved son (parent-child relationship) and corresponding loss of his financial and mental support, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

22.    The aforementioned acts of the individual Defendants in their individual capacities were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Parrish and Plaintiff, and in reckless, wanton and callous disregard of Parrish and Plaintiff's safety, security and Civil Rights. By reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for Judgment against Defendants, as follows:

1.    For general and special damages in an as yet unascertained amount but within the jurisdiction of the Superior Court according to proof at time of trial, plus interest thereon at the maximum legal rate;

2.    For pre-Judgment interest, as recoverable;

3.    For punitive damages against the individual defendants;

4.    For reasonable attorneys' fees incurred herein and as recoverable, including under 42. U.S.C. §1988;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 5, 2009          LAW OFFICES OF GREGORY A. YATES, P.C.

GREGORY A. YATES
Attorney for Plaintiff,
PARRISH BATCHAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

### CV09- 4152 RGK (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

PARRISH BATCHAN

**DEFENDANTS**

COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, CITY OF VERNON, CITY OF VER

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): LOS ANGELES

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GREGORY A. YATES
LAW OFFICES OF GREGORY A. YATES
16830 VENTURA BOULEVARD
SUITE 250
ENCINO, CA 91436
(310) 858-6944

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

[42 U.S.C. §1983, et. Seq.]. PLAINTIFF IS THE FATHER OF PARRISH MADISON BATCHAN WHO ON DECEMBER 29, 2008, WAS DISABLE AS A RESULT OF DEFENDANT'S NEGLIGENCE.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:   Case Number:   **CV09-4152**

CV-71 (07/05)          CIVIL COVER SHEET          Page 1 of 2
                                                  CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or
   [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
   [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   [ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
   in a, b or c also is present.

**IX.  VENUE:**  List the California County, or State if other than California, in which EACH named plaintiff resides  (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.
TEXAS

List the California County, or State if other than California, in which EACH named defendant resides.   (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles

List the California County, or State if other than California, in which EACH claim arose.   (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date JUNE 11, 2009

GREGORY A. YATES

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PARRISH BATCHAN

PLAINTIFF(S)

v.

COUNTY OF LOS ANGELES, COUNTY OF LOS
ANGELES SHERIFF'S DEPARTMENT, SHERIFF
LEROY BACA, CITY OF VERNON, CITY OF
VERNON POLICE DEPARTMENT, CHIEF STEVE
TOWLES, AND DOES 1 THROUGH 10,
INCLUSIVE

DEFENDANT(S).

CASE NUMBER

**CV09-4152 RGK (JWJx)**

**SUMMONS**

TO:   DEFENDANT(S): to the above named defendants.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, GREGORY A. YATES , whose address is 16830 VENTURA BLVD., SUITE 250, ENCINO, CA 91436 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 1 1 2009

By: Natalie Gongoria

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS                                    CCD-1A